UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARIO CANTU,

        Plaintiff,

vs.
        Case No. 07-CV-10339
        HON. GEORGE CARAM STEEH

MICHIGAN DEPARTMENT
OF CORRECTIONS, et al.,

        Defendants.
_____/

OPINION AND ORDER
ACCEPTING AUGUST 12, 2009 REPORT AND RECOMMENDATION (# 47) AND
GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (# 41)

Defendants Michigan Department of Corrections ("MDOC"), Ryan Correctional Facility ("RCF"), RCF Warden Raymond Booker, Corrections Officer ("CO") Lieutenant Ken Allen, CO George Reed, CO Todd Campbell, and CO Terry Taylor moved for summary judgment on January 22, 2009 as to plaintiff Mario Cantu's remaining claims[1] of employment discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., as alleged against MDOC and RCF, 42 U.S.C. § 1983 First Amendment retaliation claims as alleged against COs Allen, Reed, Campbell and Taylor in their individual capacities, and § 1983 Fourteenth Amendment claims as alleged against Warden Booker and CO Lt. Allen in their individual capacities. The motion was referred to Magistrate Judge R. Steven Whalen. Magistrate Judge Whalen issued a Report and Recommendation on August 12, 2009 recommending that the motion be granted in part, and denied in part. Specifically, Judge Whalen recommends that: (1) MDOC's and RCF's

---

[1] On August 21, 2007, this court granted in part the defendants' motion to dismiss and denied plaintiff's request to file a Third Amended Complaint. See August 21, 2007 Order, at 22-23, setting forth in detail Cantu's previously dismissed claims.

motion for summary judgment of Cantu's Title VII claims of racial discrimination, hostile work environment, and retaliation be granted as to claims premised on pre-March 2006 conduct, and denied as to claims premised on conduct occurring on and after March 2006; (2) COs Allen's, Campbell's, and Taylor's motion for summary judgment as to Cantu's § 1983 First Amendment retaliations claims be granted; (3) CO Reed's motion for summary judgment as to Cantu's § 1983 First Amendment retaliation claims be denied; (4) CO Lt. Allen's motion for summary judgment be granted as to Cantu's § 1983 Fourteenth Amendment claims; and (5) Warden Booker's motion for summary judgment as to Cantu's § 1983 Fourteenth Amendment claims be granted as to Cantu's substantive due process claims, and denied as to Cantu's equal protection claims. Magistrate Judge Whalen recommends that defendants COs Allen, Campbell, and Taylor be dismissed from this lawsuit.

"A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636 (b)(1). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. Timely objections have not been filed by any party.

Absent objection, and following a review of the August 12, 2009 Report and Recommendation, the court hereby ACCEPTS the August 12, 2009 Report and Recommendation as its own. Defendants' motion for summary judgment is hereby GRANTED, IN PART, as to: (1) Cantu's Title VII claims as alleged against MDOC and RCF premised on pre-March 2006 conduct (Counts I-III); (2) Cantu's § 1983 First Amendment retaliation claims as alleged against COs Allen, Campbell, and Taylor (Count VII); (3) Cantu's § 1983 Fourteenth Amendment claims as alleged against CO Lt. Allen (Counts VIII

2

and IX); and (4) Cantu's § 1983 Fourteenth Amendment substantive due process claim as alleged against Warden Booker (Count IX).  These claims are hereby DISMISSED with prejudice.  Defendants COs Allen, Campbell, and Taylor are hereby DISMISSED from this lawsuit.  Defendants' motion for summary judgment is hereby DENIED, IN PART, as to: (1) Cantu's Title VII claims as alleged against MDOC and RCF premised on conduct occurring on and after March 2006 (Counts I-III); (2) Cantu's § 1983 First Amendment retaliation claim as alleged against CO Reed (Count VII); and (3) Cantu's § 1983 Fourteenth Amendment equal protection claim as alleged against Warden Booker (Count VIII).  This matter will proceed on Counts I-III as alleged against MDOC and RCF, Count VII as alleged against CO Reed, and Count VIII as alleged against Warden Booker.     SO ORDERED.

Dated:  September 1, 2009

>s/George Caram Steeh
>GEORGE CARAM STEEH
>UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on September 1, 2009, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk